JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH MORTON; et al., | CASE NO. CV 18-5956-R |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |
| v. | |
| 3M COMPANY; et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Remand, filed on August 10, 2018. (Dkt. No. 78). Having been thoroughly briefed by both parties, this Court took the matter under submission on September 12, 2018.

This is a personal injury case stemming from Plaintiff Randolph Morton's asbestos-related disease allegedly caused by Defendants' acts and omissions involving the use of asbestos at or in the vicinity of Plaintiffs' workplaces. The Complaint alleges causes of action for (1) strict products liability, (2) negligence, (3) fraud, (4) conspiracy to defraud, and (5) market share. Defendant National Steel and Shipbuilding Company ("NASSCO") removed the case to federal court based on federal officer removal jurisdiction under 28 U.S.C. §1442(a). Plaintiffs now seek

to have the case remanded to state court.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Here, Defendant NASSCO asserts removal jurisdiction under 28 U.S.C. §1442(a), the federal officer removal statute, which "authorizes removal of a civil action brought against any person 'acting under' an officer of the United States 'for or relating to any act under color of such office.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. §1442(a)(1)). "A party seeking removal under [§]1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). The federal defense that NASSCO seeks to assert is the government contractor defense, pursuant to which military contractors cannot be held liable under state law for any injuries caused by the work performed on equipment supplied to the U.S. military when (a) the United States approved reasonably precise specifications; (b) the equipment or services conformed to these specifications; and (c) the government contractor warns the military about any hazards involved in the equipment or services it was contracted to supply that are known to the government contractor but not known to the military. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988); *McKay v. Rockwell International Corp.*, 704 F.2d 444, 451 (9th Cir. 1983). NASSCO also points to *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 19 (1940) and *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196 (5th Cir. 2009) as support for its claimed defense of government contractor

2

immunity outside of a military context.

Plaintiffs do not dispute that NASSCO qualifies as a "person" within the meaning of the statute; however, NASSCO fails to meet the remaining two requirements for §1442(a) removal. Although the Declaration of Roger B. Horne, Jr. attests to the federal government's involvement in ensuring compliance with contract specifications and setting standards for work by private contractors on Navy ships, NASSCO has failed to introduce any evidence that such specifications and standards have a causal nexus to Plaintiffs' claims. Horne had no knowledge of or involvement in the specific NASSCO contracts that allegedly contributed to Plaintiffs' injuries, and NASSCO has introduced neither those contracts (or any similar representative contracts) nor any other evidence of Navy policies restricting the safety procedures available to government contractors handling asbestos. Moreover, federal law—specifically 10 U.S.C. §7311, the Walsh–Healey Public Contracts Act of 1936 (41 U.S.C. §§6501-6511); the Navy Supervisor of Shipbuilding, Conversions, and Repair Operations Manual; and NASSCO's company policies all require that the repair/maintenance of naval vehicles and handling of hazardous wastes be performed in accordance not only with federal laws and standards but also with potentially stricter state law requirements. Finally, the Declarations of retired shipyard manager Captain William Lowell and retired United States Navy Inspector Nick Peak on behalf of Plaintiffs testify that, in their experience, private shipyards developed asbestos safety procedures without Navy supervision and the Navy did not inspect the private shipyard for asbestos hazards. There is, therefore, no factual basis to support NASSCO's position that it was bound by Navy specifications and standards even if such specifications and standards proved to be inadequate.

NASSCO also fails to demonstrate that it has asserted a "colorable defense." While it is clearly true that the Navy requires strict compliance with precise specifications in many facets of ship-building, maintenance, and repair, NASSCO has failed to provide any evidence that such specifications placed limits on NASSCO's ability to implement precautions to protect and warn against the dangers of asbestos. There is simply no reason to believe that NASSCO was prevented from protecting civilian contractors from asbestos hazards while still performing its contracts with the Navy.

In conclusion, therefore, NASSCO has failed to establish that this case meets the requirements for removal under 28 U.S.C. §1442(a). No other Defendant has opposed Plaintiffs' Motion to Remand.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 78).

Dated: September 19, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE